IN THE UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01577-MSK-BNB

TYRONE ALLEN d/b/a X3 Logistics, LLC,

Plaintiff,

v.

USA,
SURFACE DEPLOYMENT AND DISTRIBUTION COMMAND (SDDC) G9,
JAMES GILMORE, Chief Quality Assurance, SDDC, in his official and individual capacity,
ANTHONY MAYO, Quality Assurance, SDDC, in his official and individual capacity,
JANICE LOOMIS, in her official and individual capacity,
MARTHA KINARD, in her official and individual capacity,
TRANSPORTATION OFFICER DEFENSE CONTRACT MGT AGENCY DCMA
BIRMINGHAM, HUNTSVILLE, AL,
REBECCA OWENS, in her official and individual capacity,
TRANSPORTATION OFFICER FISCSD SEAL BEACH DETACHMENT,
MAUREEN CARLO, SDDC Quality Chief in her individual capacity,
PAUL C. HURLEY, JR.,
SUSAN A. DAVIDSON,
SAIA, INC.,
COOMBS,
DEBRA ROBINSON,
U.S. ARMY DEPUTY COMMANDER, BRIGADIER GENERAL SUSAN DAVIDSON, and
DEFENSE CONTRACT MANAGEMENT AGENCY DCMAE-OCT EAST DISTRICT/HQ,

Defendants.
_____

**ORDER**
_____

This matter is before me on an untitled pleading filed by the plaintiff on June 18, 2012

[Doc. #1] (the "Complaint"). For the following reasons, the Complaint is STRICKEN, and the

plaintiff is directed to submit an amended complaint that complies with this order.

The Federal Rules of Civil Procedure require that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a).  "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."  Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952).  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated."  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).  The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992).  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiff is proceeding *pro se*.  Although I must liberally construe the pleadings of the *pro se* plaintiff, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), I cannot act as his advocate, and the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure and the local rules of this court.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff's Complaint suffers from many deficiencies. The Complaint is not submitted on the court's standard complaint form. "A *pro se* party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A. In addition, all typewritten complaints must be double-spaced. D.C.COLO.LCiv.R 10.1E. The plaintiff's Complaint is typewritten and contains several single-spaced pages.

The defendants are not clearly and separately named in the caption. The plaintiff must name each defendant separately in the caption. The name may be followed by a brief title or description. The plaintiff may not name more than one defendant per line.

In addition, the defendants named in the caption of the Complaint do not match the defendants listed under the "Statement of Parties." *Complaint*, pp. 1, 2-4. Each defendant must be named in the statement of parties.

The Complaint is 45 pages long. It contains a page-long "Introduction" followed by 192 paragraphs of "General Allegations." The plaintiff's claims are found under a section titled "Specific Allegations," but the claims do not contain any specific factual allegations. For example, the plaintiff's claim for "Civil Rights Violation Under 42 U.S.C. § 1983" states:

> While re-alleging the above, and while acting under color of official right and law, Defendant James Gilmore, Anthony Mayo, Maureen Carlo, Martha Kinard, DCMA Birmingham, Ala., Rebecca Owens, Melvin Hollands, Paul Hurley, Jr. and General Davidson, in both their official and personal capacity, did or attempted to do, and/or conspired to do, in some way or degree, violate the civil rights of the Plaintiffs. To wit: right to procedural due process, due process and equal protection. And the right to make and enforce contracts. The same in violation of 42 U.S.C. §§ 1983 and 1985.

*Complaint*, p. 37, ¶ B.

Thus, it is necessary to dissect the 192 paragraphs of "General Allegations" in order to attempt to discern which facts apply to which claim, and which claim applies to which defendant(s). I will not attempt to define the plaintiff's causes of actions for him.

In addition, the Complaint contains legal argument and conclusory allegations of wrongdoing. Arguments and conclusory allegations of wrongdoing are not appropriately included in a complaint.

Finally, the plaintiff attempts to assert a claim under the federal Racketeer Influenced and Corrupt Organizations ("RICO") act. To state a claim under RICO,

> a plaintiff must allege that the defendant violated the substantive RICO statute, 18 U.S.C. § 1962, by setting forth "four elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" Robbins v. Wilkie, 300 F.3d 1208, 1210 (10th Cir. 2002) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 4596, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)). A pattern of racketeering activity must include commission of at least two predicate acts. Resolution Trust Corp. v. Stone, 998 F.2d 1534, 1543 (10th Cir. 1993). Also, a plaintiff has standing to bring a RICO claim only if he was injured in his business or property by reason of the defendant's violation of § 1962. Robbins, 300 F.3d at 1210.

Deck v. Engineered Laminates, 349 F.3d 1253, 1257 (10th Cir. 2003). RICO claims must be pled with factual specificity, not with conclusory allegations.

The plaintiff does not clearly state his claims; the legal bases for his claims; the actions or inactions of each defendant; and how those actions or inactions violate the law. The Complaint fails to provide notice of the plaintiff's causes of action as required by Rule 8. Accordingly, the Complaint is stricken, and the plaintiff shall submit an amended complaint which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

The amended complaint must be submitted on the court's form and shall be titled "Amended Complaint." The defendants shall be clearly identified. The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall not exceed two typewritten pages, double-spaced, with the exception of the RICO claim which shall not exceed two typewritten pages, double-spaced as to each defendant against whom the claim is brought. The Complaint shall not contain conclusory allegations or argument.

IT IS ORDERED:

1. The Complaint [Doc. # 1] is STRICKEN for failure to comply with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; D.C.COLO.LCiv.R 10E; and D.C.COLO.LCivR 11.1A;

2. The plaintiff shall have until **July 20, 2012**, to submit an amended complaint which complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; D.C.COLO.LCiv.R 10; D.C.COLO.LCivR 11.1A; and this order;

3. The plaintiff's failure to comply with this order may result in a recommendation that the plaintiff's case be dismissed;

4. The Clerk of the Court shall enclose with this order a copy of the court's complaint form.

Dated June 29, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge