IN THE UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01577-MSK-BNB

TYRONE ALLEN, d/b/a X3 Logistics, LLC,

Plaintiff,

v.

UNITED STATES OF AMERICA,
SURFACE DEPLOYMENT AND DISTRIBUTION COMMAND (SDDC),
JAMES GILMORE, Chief Quality Assurance Officer, (SDDC) in his official and individual capacities,
ANTHONY MAYO, Quality Assurance Officer (SDDC) in his official and individual capacities,
MARTHA KINARD, Transportation Officer, in her official and individual capacities,
DEFENSE CONTRACT MGT AGENCY DCMA HUNTSVILLE, (DCMA),
REBECCA OWENS, Transportation Officer, in her official and individual capacities,
FISCSD SEAL BEACH DETACHMENT,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on my Order to Show Cause [Doc. #32, entered February 11, 2013]. I respectfully RECOMMEND that this action be DISMISSED WITHOUT PREJUDICE for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court.

The plaintiff initiated this lawsuit by filing an untitled pleading on June 18, 2012 [Doc. #1] (the "Complaint"). On June 29, 2012, I struck the Complaint [Doc. #5] because it failed to comply with the Federal Rules of Civil Procedure and the local rules of this court, and I directed the plaintiff to submit an amended complaint.

Counsel entered an appearance for the plaintiff on September 20, 2012 [Doc. #19]. The plaintiff tendered an Amended Complaint on September 27, 2012. The Amended Complaint [Doc. #25] was accepted for filing on October 3, 2012, and the plaintiff was ordered to file proof of service on all defendants on or before January 25, 2013 [Doc. #24].

The Amended Complaint names the above-listed defendants in its caption. However, under the section of the Amended Complaint which describes the parties, the plaintiff fails to provide a description for Defense Contract Mgt. Agency DCMA Huntsville and FISCSD Seal Beach Detachment. Instead, the plaintiff provides a description of Maureen Carlo and Janis Loomis. These individuals are not named in the caption of the Amended Complaint. I construe the Amended Complaint as asserting claims only against the defendants named in the caption. Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all the parties"); D.C.COLO.LCivR 10.1J (requiring that the parties be listed in the caption of all pleadings, motions, briefs and other filings).[1]

In an attempt to show proof of service of the Summons and the Amended Complaint, the plaintiff has filed the following documents:

(1)  A "Certificate of Mailing" [Doc. #27] (the "Certificate") which states that "Tyrone W. Allen Pro Se" certifies that he "mailed" a copy of the Amended Complaint to Martha Kinard,

---

[1] The plaintiff was not proceeding *pro se* when he filed the Amended Complaint. Therefore, the Amended Complaint is not entitled to a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Maureen Carlo, Anthony Mayo, James Gilmore, Rebecca Owens, Peter Stamatopoulos, Brian Rosa, and Janis Loomis.[2]

(2) A copy of a Summons to Rebecca Owens [Doc. #28] which indicates that the Summons was delivered to "Ester Roig as a person in charge, a person employed therein and authorized to accept service for Rebecca Owens" at her "usual place of work in compliance with state statutes."

(3) A copy of a Summons to Martha Kinard [Doc. #29] which indicates that it was served on Cathy Moore "who is designated by law to accept service of process on behalf of Martha Kinard."

(4) A copy of a Summons to Anthony Mayo [Doc. #30] which indicates that it was left with C.E. Radford, a "person willing and authorized to accept service for" Mr. Mayo.

(5) A copy of a Summons to Maureen Carlo [Doc. #31] which indicates that it was left with C.E. Radford, a "person willing and authorized to accept service for" Ms. Carlo.

The plaintiff is suing the United States, its agencies, and its employees. *Complaint*, pp. 1-3. Rule 4 of the Federal Rules of Civil Procedure governs service upon the United States and its agencies and employees:

> (1) United States. To serve the United States, a party must:
>
> > (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

---

[2] I rejected the "Certificate of Mailing" because Mr. Allen filed the Certificate *pro se*, although he is represented by counsel. *Order to Show Cause* [Doc. #32], p. 3.

>>(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
>(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
>(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
>(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity.  To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
>
>(3) Officer or Employee Sued Individually.  To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(2) and (3).

>Under Rule 4(e):
>
>>an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>>
>>>(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>>
>>>(2) doing any of the following:

4

>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The plaintiff has not provided any proof that he has served the United States; Surface Deployment and Distribution Command; Gilmore; Defense Contract Mgt Agency; or FISCSD Seal Beach Detachment. In addition, the plaintiff has failed to show that he served Mayo, Kinard, and Owens in accordance with Rule 4.

It also appears that the plaintiff has failed to comply with Rule 4(m), Fed. R. Civ. P., which provides in part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Amended Complaint was accepted for filing on October 3, 2012. The 120 days for service provided in Rule 4(m) expired on January 31, 2013.

I ordered the plaintiff to show cause on or before February 27, 2013, why this case should not be dismissed as against all of the defendants for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court. D.C.COLO.LCivR 41.1. I

cautioned the plaintiff that failure to show cause on or before February 27, 2013, would result in my recommendation that the Complaint be dismissed. The plaintiff did not respond.

I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT PREJUDICE for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court.[3]

Dated March 1, 2013.

                                    BY THE COURT:

                                     s/ Boyd N. Boland
                                    United States Magistrate Judge

---

[3]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).